## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

CHARIELL ALI GLAZE,
ADC #147919, et al.                                                                       PLAINTIFFS

V.                                    4:13CV00546-SWW-JTK

DOES, Board of Regents, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.   Introduction

Plaintiff Chariell Ali Glaze, a state inmate confined at the Varner Unit of the Arkansas Department of Correction, filed this pro se 42 U.S.C. § 1983 action, alleging constitutional violations by Defendants with respect to his 2009 arrest and three-year incarceration on charges which were eventually dismissed.  (Doc. No. 2.)  Plaintiff asks for monetary relief from Defendants Does, members of the Faulkner County Board of Regents and Board of Directors; Boyd Tackett, Jr. and  Joe Don Winningham, public defenders; Faulkner County Sheriff Karl Byrd and Jail Administrator Bobby Brown.

After carefully reviewing the documents submitted by Plaintiff, the Court concludes that Plaintiff's Complaint should be dismissed.

## II.   Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court

1

must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

## III.    Facts and Analysis

This lawsuit is remarkably similar to a prior lawsuit filed by Plaintiff, <u>Glaze, et al. v. City of Conway, et al.</u>, 4:12CV00610-BRW. In that case, Plaintiff filed a <u>pro se</u> complaint pursuant to 42 U.S.C. § 1983 on behalf of himself and several minor children, alleging a loss of consortium as a result of his incarceration on the 2009 charges filed against him in Faulkner County. Defendants in that action were police officers involved in his arrest and interrogation. The court dismissed Plaintiff's complaint, finding that claims related to profiling, threats, or excessive force or other improprieties relating to his 2009 arrest were barred by the statute of limitations. In addition, Plaintiff's allegations that he was incarcerated based on false charges for three years were also dismissed, pursuant to absolute immunity. The court finally held that because Plaintiff failed to state a constitutional violation, his loss of consortium claims also should fail.[1]

In the present case, Plaintiff also names as co-Plaintiffs Timilliah Tyrhianna McDonald, Trayrian Orion McDonald, Tarune Ali Glaze, and Treykeim Deron McDonald, who were co-Plaintiffs in the prior suit and identified in that lawsuit as his minor children.[2] Plaintiff's present allegations are that Defendants violated numerous constitutional rights by incarcerating him for three years on charges which were eventually dismissed. (Doc. No. 2, p. 4.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. <u>Griffin-El v. MCI Telecommunications Corp., et al.</u>, 835 F.Supp. 1114, 1118

---

[1]The Court also noted that Plaintiff was charged with residential burglary, terroristic threatening, and obstructing governmental operations in the state case, CR 09-1138, but that he remained incarcerated pursuant to a conviction of being a felon in possession of a firearm in case CR 09-454. <u>See</u> <u>Glaze v. City of Conway, et al.</u>, 4:12CV00610-BRW, November 1, 2012 Order. This dismissal was affirmed on appeal, No. 12-3789, January 31, 2013.

[2]Plaintiff does not clearly identify these co-Plaintiffs in the present action.

(E.D.MO 1993).  Plaintiff's allegations against all Defendants relate to his three-year incarceration on charges which were eventually dismissed, and he does not include any specific allegations of unconstitutional conduct against any of these Defendants.  The Court finds that the present complaint should be barred by res judicata.  Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979).  Res judicata also "precludes the relitigation of a claim on grounds that were raised or could have been raised in the prior action." <u>Lane v. Peterson</u>, 899 F.2d 737, 741 (8th Cir. 1990).  Furthermore, the present action is the same cause of action as the prior lawsuit if it "arises out of the same nucleus of operative facts as the prior claim. <u>Id</u>. at 742.  Plaintiff's first lawsuit was filed on September 26, 2012, and he states in his present complaint that the charges against him were dismissed on September 20, 2012 (Doc. No. 2, p. 4.)  Therefore, his present allegations, which are  based on the same set of facts as his prior claims, could have been raised in the prior litigation.

In addition, any allegations against Defendants Tackett and Winningham are barred by sovereign immunity.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). <u>See also</u> <u>Rogers v. Bruntrager</u>, 841 F.2d 853, 856 (8th Cir. 1988).

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint against Defendants be DISMISSED with prejudice, based on res judicata and sovereign immunity, and for failure to state a claim upon which relief may be

granted.

2.     Dismissal of this action constitutes a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[3]

3.     The Court certify that an in forma pauperis appeal from this Memorandum

and Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28

U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 20th day of September, 2013.

_____
SUSAN WEBBER WRIGHT
UNITED STATES DISTRICT JUDGE

---

[3]The statute provides that a prisoner may not file an in forma pauperis civil rights action
or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was
dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under
imminent danger of serious physical injury.

5